| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| ROBERT H. JOHNSON LLC<br>1818 Old Cuthbert Road, Suite 107<br>Cherry Hill, NJ 08034<br>(856) 298-9328<br>Attorneys for Debtor<br>Robert H. Johnson (RHJ-0077) | |
| In Re:<br><br>Anthony Mormando,<br><br>      Debtor. | Chapter 13<br><br>Judge: Hon. Mark E. Hall<br><br>Case No. 24-19490 / MEH<br><br>Hearing Date: 12/10/24<br>Hearing Time: 9:00 a.m. |

**AMENDEDN MOTION FOR ORDER AUTHORIZING SALE OF DEBTOR'S INTEREST IN REAL PROPERTY, AVOIDANCE OF LIENS AND ALLOWANCE OF PAYMENT TO PROFESSIONALS AT CLOSING**

Anthony Mormando, (the "Debtor"), through his attorney, Robert H. Johnson LLC, hereby moves the Court pursuant to Sections 363 and 365 of the United States Bankruptcy Code (the "Bankruptcy Code") for entry of an order authorizing the sale of Debtor's interest in real property pursuant to 11 U.S.C. 363(b) and respectfully represents the following:

**BACKGROUND**

1. On September 25, 2024, (the "Petition Date"), the Debtor commenced with this Court a voluntary case under chapter 13 of title 11 of the United States Code, 11 U.S.C. 101 *et seq.* (the "Bankruptcy Code").

2. Albert Russo was thereafter appointed to serve as the Chapter 13 Standing

Trustee.

3. The Debtor and his non-filing spouse Jacqueline Mormando ("Sellers") co-own 18 Chesapeake Road, Manalapan, NJ (the "Property").

4. The Debtor seeks to sell the Property. The Debtor received an offer from Suzanne and Matthew Steinberg and Mary Betty ("Buyers") to purchase the Property for Seven Hundred Seventy-Five Thousand ($775,000) Dollars. Sellers have entered into a contract for sale of real estate (the "Contract") with the Buyer subject to approval of the bankruptcy court. A Copy of the Contract is annexed hereto as **"Exhibit A."**

5. The Buyers are third-party buyers with no connection or affiliation with the Sellers or interested parties. The Debtor seeks to enter into the Contract with the Buyers for the sale of the Property free and clear of all claims, liens and encumbrances pursuant to Section 363 of the Bankruptcy Code.

6. The Debtors further desire to maximize the value of the Property and to set the fair market price for the Property by making the offer subject to higher and better offers. Any higher and better offers must have financing in place in order to bid on the Property.

## JURISDICTION AND VENUE

7. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334.

8. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

9. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

10. The Debtor seeks the entry of an order authorizing the Debtor to sell the property free and clear of all claims, liens and encumbrances to the Buyer, subject to higher and better offers pursuant to sections 363(b) and (f) of the Bankruptcy Code, and for such other relief as

2

may be necessary to effectuate the sale of the Property.

11. The Property is encumbered by the following:

    (i) a first mortgage held by Bank of New York Mellon in the amount of $421,595[1];

    (ii) a second mortgage held by West Coast Serving, Inc. in the amount of $118,260[2].

    (iii) a third mortgage held by NJ Housing and Mortgage Finance Company in the amount of $20,679[3].

    (iv) non-dischargeable judgment against the Debtor in the amount of $859,425 held by Oliviera Contracting, Inc "Oliviera" ("Judgment Lien Holder")

12. The Debtor believes that this sale will fully satisfy the first second and third mortgages. The Debtor seeks to avoid the judgment lien of the Judgment Lien Holder. The Judgment Lien holder and general unsecured creditors will receive a pro rata distribution through Debtor's proposed Plan.

13. The following calculation demonstrates that after deducting the first and second liens the Debtors will have excess monies to fund a distribution to creditors.

| | | |
|---|---|---|
| Sale Price: | $ | 775,000 |
| Estimated First, Second and Third Mortgage | ($ | 560,534) |
| Estimated Closing cost | ($ | 41,000) |
| Non-filing Spouse interest (50%) | ($ | 86,733) |
| Debtor's Exemption | ($ | $27,900) |
| Amount Available for Estate | $ | 58,833 |

14. Clearly, the sale of the Property will enable the Debtor to pay their creditors more

---

[1] The final amount will be subject to payoff at closing.
[2] The final amount will be subject to payoff at closing.
[3] The final amount will be subject to payoff at closing.

3

than if the property was foreclosed.

15. The Debtors have the right to sell their interest in the Property pursuant to Section 1303 of the Bankruptcy Code, which provides that:

> Subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(l), of this title.

16. A sale of assets outside of the ordinary course of business is governed by Section 363 of the Bankruptcy Code. Section 363(b) provides:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

11 U.S.C. §363(b)(1).

17. The United States Court of Appeals for the Third Circuit has interpreted Section 363(b) of the Bankruptcy Code to require a finding by the Bankruptcy Court that the purchaser of a debtor's assets is a good faith buyer. In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143, 149-50 (3d Cir. 1986). The Bankruptcy Code does not define good faith. In Abbotts Dairies, the Third Circuit observed that courts have interpreted that phrase to mean one who purchases "in good faith" and for "value." Abbotts Dairies, 788 F.2d at 147 (citing In re Bel Air Assocs., 706 F.2d 301, 305 (10th Cir. 1983); In re Rock Indus Mach., Corp., 572 F.2d 1195, 1197 (7th Cir. 1978).

18. The bona fides of a purchaser under a Section 363(b) sale have been analogized to a purchaser at a judicial sale:

> The requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

Abbotts Dairies, 788 F.2d at 147 (quoting Rock Industries, 572 F.2d at 1198).

19. There is no indication that the Buyer is anything other than a good faith buyer. In addition, the Buyer's offer will be the subject of a hearing at which higher and better offers will be entertained. The Contract was negotiated between the parties at arms length and in good faith.

20. The Debtors respectfully submit that the sale of their interest in the Property to the Buyer for the Purchase Price is fair, equitable and in the best interest of creditors of the estate, as the proceeds of sale will be used to fund the Debtors' Chapter 13 Plan.

21. Additionally, the Debtors request that to pay their professional Realtor at closing for services provided related to the sale of the Property pursuant to D.N.J. LBR 6004-5.

22. Finally, the Debtor proposes that the transaction should move to final settlement as soon as possible after approval of the Motion and thus ask that the automatic stay of Rule 6004(g) of the Federal Rules of Bankruptcy Procedure not apply to the order issued pursuant to the Motion.

23. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 10 days after the entry of an order, unless the court orders otherwise."

24. Here, the Buyer needs to close on the Property as soon as practicable. Due to the unpredictable real estate market, the Debtor cannot afford any delay which would effect this sale. Therefore, the Debtor request that the Order be effective immediately by providing that the 10-day stay under Bankruptcy Rule 6004(h) be waived.

## **NOTICE**

25. Notice of the Motion and proposed form of order shall be served by the Debtor on the Office of the United States Trustee, the Chapter 13 Standing Trustee, and all parties who have filed a notice of appearance in the bankruptcy case.

26. No previous application has been made for the relief sought herein.

27. Due to the fact that there are no novel or complicated issues of law being presented herein, it is respectfully submitted that a memorandum of law is not required pursuant to D.N.J L.B.R. 9013-2.

WHEREFORE, the Debtor respectfully requests that this Court enter an order (i) authorizing the Debtor to sell the Property under Section 363 of the Bankruptcy Code, (ii) authorizing the Debtor to pay his realtor at closing; and (iii) granting such other and further relief as is just and proper.

ROBERT H. JOHNSON LLC
Attorneys for Debtor

By:  */s/ Robert H. Johnson*
Robert H. Johnson (RJ-0077)

Dated: November 25, 2024